```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JEAN PIERRE MARTIN FRANCIS,
```

                     Plaintiff,

           - against -

ONIKA TANYA MIRAJ; BRUCE LEE; JET LI; KIM KARDASHIAN; SEAN CARTER; KANYE WEST,

                     Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-753 (PKC) (LB)

```
---------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

      Plaintiff Jean Pierre Martin Francis ("Plaintiff") filed this *pro se* action on February 5, 2019 while incarcerated at the Columbia Correctional Institution in Lake City, Florida. Plaintiff's request to proceed *in forma pauperis* as permitted by 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons discussed herein, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

      For a cause of action to proceed, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). At the pleadings stage of an action, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Recognizing the limited resources and legal knowledge available to *pro se* plaintiffs, *see McEachin v. McGuinnis*, 357 F.2d 197, 200 (2d Cir. 2004), the Court holds *pro se* complaints to less stringent standards than

pleadings drafted by attorneys and reads *pro se* complaints liberally as raising the strongest arguments they suggest, *see Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, when a district court is satisfied that an *in forma pauperis* action "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

Additionally, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678. A complaint that is "so confused, ambiguous, vague[,] or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with [Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint . . . ." *Simmons*, 49 F.3d at 86 (citing *Salahuddin*, 861 F.2d at 42).

## DISCUSSION

Plaintiff brings this action against certain popular actors, rappers and celebrities, one of whom is deceased. The gravamen of Plaintiff's complaint is impossible to determine. Where the complaint form directs a plaintiff to state the facts of the action, Plaintiff has provided a narrative of random thoughts:

> I really cannot too much remember nor can I recollect my memory of all the events because everytime [sic] I was violated and injured, I was always unconscious and put into a coma for months yeah months . . . but I do know that there [were] some comments and very rude cruel and unusual statements that were made by . . . the Defenders [sic] too.

(Complaint ("Cmpl.") at 4.) Plaintiff goes on to allege that he was hospitalized to "purify [his] thinking" and "fully and completely rejuvenate." (*Id.*) Plaintiff requests relief in the form of, *inter alia*, "$100 Million Dollars . . . . Freedom, Peace, Love, Life, Balance[,] and Harmony too included." (*Id.* at 5.)

"An action is frivolous if it lacks an arguable basis in law or fact, *i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Glass v. U.S. Presidents since 1960*, No. 17 CV 3141, 2017 WL 4621006, at *3 (E.D.N.Y. Oct. 12, 2017) (dismissing a complaint that contained "nothing more than [the p]laintiff's delusions, [did] not set forth any cognizable claims, and [fell] far short of giving fair notice of her claims as required under Rule 8(a)(2)"). Here, Plaintiff's allegations are

plainly irrational and provide the named Defendants with no fair notice of the claims against them. Accordingly, the complaint must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The complaint is devoid of any basis in law or fact and fails to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Since these defects cannot be cured by amendment, this action is dismissed as frivolous without leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *Gordon v. Suffolk County,* No. 18 CV 4696 (JMA), 2019 WL 343245, at *3 (E.D.N.Y. Jan. 28, 2019) (denying leave to amend). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 8, 2019
      Brooklyn, New York